UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Blannie Wilkes** ) | |
| ) | Case No: _____ |
| Plaintiffs, ) | |
| v. ) | |
| ) | COMPLAINT |
| **Client Services, Inc.,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

1.  This is an action brought by the Plaintiff, Blannie Wilkes, for actual and statutory damages, attorneys' fees, and costs for Client Services, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.  This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331 and §1367.

3.  Venue is proper in the Florence Division because the Plaintiffs reside in Florence County and the Defendant transacted business in this division.

## PARTIES

4.  The Plaintiff, Blannie Wilkes, is a resident and citizen of the State of South Carolina,

Florence County, and is over the age of twenty-one (21) years.

5. The Defendant, Client Services, Inc. is a Missouri corporation and can be served with process through its registered agent, Corporation Service Company, 1703 Laurel St., Columbia, SC 29201. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Florence, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. The Defendant, its agents and employees, have called the Plaintiff multiple times per day at home with the intent to harass, annoy, and intimidate the Plaintiff regarding an alleged debt. The Plaintiff was worried to death by these calls and felt harassed by the calls.

7. Upon information and belief, the Defendant also called the Plaintiff's work number multiple times per week.

8. Said calls began in January, 2012 and continued until at least mid-July, 2012.

9. Upon information and belief, the calls made to the Plaintiff's place of employment were made by Marge Mellon, who repeatedly left messages which included her name and phone number, with an extension, for the Plaintiff to call her back. The Plaintiff was not allowed to receive calls at work and told Defendant that she could not receive

calls at work. Despite this information, Defendant continued to repeatedly attempt to contact the Plaintiff at work.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

10. The Plaintiff adopts the averments and allegations of paragraphs 6 through 9 hereinbefore as if fully set forth herein.

11. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

12. The Defendant violated §1692c(a)(1) by repeatedly contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff by calling the Plaintiff multiple times per day, multiple days in a row, and by calling Plaintiff's place of employment.

13. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

14. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

15. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and

mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

16. The Plaintiff adopts the averments and allegations of paragraphs 6 through 15 hereinbefore as if fully set forth herein.

17. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

18. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

19. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

20. Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

21. As a result of Defendant's negligence, the Plaintiff suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

22. The Plaintiff adopts the averments and allegations of paragraphs 6 through 21 hereinbefore as if fully set forth herein.

23. Defendant knew or should have known of the conduct set forth herein which was

directed at and visited upon the Plaintiff.

24. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

25. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

26. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

27. As a result of Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant as follows:

A. Statutory damages of $1,000 for the Plaintiff from the Defendant for its violations of the FDCPA (15 U.S.C. §1692k);

B. Actual damages for the Plaintiff for Defendant's violations of the FDCPA;

C. Costs and reasonable attorneys' fees from the Defendant pursuant to 15 U.S.C. §1692k;

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to

      the Defendant's Negligent Training and Supervision and Reckless and Wanton Training and Supervision; and

E.    For such other and further relief as the Court may deem just and proper.

        /s/ Penny Hays Cauley
        Penny Hays Cauley, Fed. ID No. 10323
        Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

        /s/ Penny Hays Cauley
        Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Client Services, Inc.
c/o Corporation Service Company - registered agent
1703 Laurel St.
Columbia, SC 29201